IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM LEE ANDERSON, II, ) | Civil Action No. 7:15-cv-00577 |
|     Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CORIZON MEDICAL SERVICES, et al.,) | By:   Hon. Michael F. Urbanski |
|     Defendants. ) |         United States District Judge |

William Lee Anderson, a Virginia inmate proceeding pro se, commenced this civil action pursuant to 42 U.S.C. § 1983. After reviewing court records, it appears that Plaintiff had at least three non-habeas civil actions or appeals dismissed as frivolous, as malicious, or for failing to state a claim before he commenced this action. See, e.g., Anderson v. Woolf, No. 7:15-cv-00110, slip op. at 2 (W.D. Va. May 11, 2015); Anderson v. Lowe, No. 7:15-cv-00111, slip op. at 2 (W.D. Va. May 11, 2015); Anderson v. Barker, No. 7:15-cv-00112, slip op. at 2 (W.D. Va. May 11, 2015); see also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)). Inasmuch as the record provides no reason to exempt Plaintiff from 28 U.S.C. § 1915(g), the court dismisses this action without prejudice for Plaintiff's failure to pay the filing fee when filing the complaint.[1] See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis).

Entered: October 27, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[1] Plaintiff explains that, as a consequence of alleged inadequate dental care, he pulled his own tooth out in January 2015. Cf. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (recognizing an injury must be imminent or occurring at the time the complaint and not be a past injury for purposes of 28 U.S.C. § 1915(g)). Plaintiff's other civil action detailing similar allegations, Anderson v. Witherspoon, No. 7:15-cv-00236, remains pending in this court.